IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| SAMUEL LEWIS FOWLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 321-028 |
| | ) | |
| GEORGIA DEPARTMENT OF CORRECTIONS; GEORGIA CORRECTIONAL HEALTH CARE; DR. SHARON LEWIS; BILLY NICHOLS; WARDEN ANTOINE CALDWELL; LAKISHA FRANKLIN; DEPUTY WARDEN MEADOR; CHABARA BRAGGS; DR. STEWART; DEANNE MORRIS; MITZI HALL; NURSE PULLINS; DR. BROWN; DR. AGEDOM; CHERYL FRAZIER; UNIT MANAGER WATSON; TOMEKA SIMPSON-DUMAS; NURSE PRACTITIONER LOMAMI; NURSE PRACTITIONER LINDSEY; and NURSE PRACTITIONER OLIVER, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Coastal State Prison in Garden City, Georgia, has submitted to the Court for filing a complaint, brought pursuant to 42 U.S.C. § 1983, regarding events alleged to have occurred at Johnson State Prison ("JSP") in Wrightsville, Georgia. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.     BACKGROUND**

Plaintiff names as Defendants: (1) Georgia Department of Corrections; (2) Georgia Correctional Healthcare; (3) Dr. Sharon Lewis; (4) Billy Nichols; (5) Antoine Caldwell; (6) Lakisha Franklin; (7) Chabara Braggs; (8) Dr. Stewart; (9) Deanne Morris; (10) Mitzi Hall; (11) Nurse Pullins; (12) Dr. Brown; (13) Dr. Agedom; (14) Nurse-Practitioner Lomami; (15) Cheryl Frazier; (16) Unit Manager Watson; (17) Tomeka Simpson-Dumas; (18) Nurse-Practitioner Lindsey; (19) Nurse-Practitioner Oliver; and (20) Deputy Warden Meador. (Doc. no. 1, pp. 1-2, 9.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

JSP failed to accommodate Plaintiff's disabilities and thereby prevented him from accessing unspecified "programs, activities, and services." (Id. at 10, 12.) Plaintiff contends he is a qualified individual under both the Rehabilitation Act of 1973 ("RA") and the Americans with Disabilities Act ("ADA") because of medical conditions that include diabetes, chronic pancreatitis, mental health problems, loss of hearing, multi-system intractable chronic pain, and chronic staph infections. (Id. at 10-11.) As such, Plaintiff claims he is entitled to unspecified profiles and medical supplies that unspecified defendants have failed to provide. (Id. at 10-12.)

Defendants knew about Plaintiff's disabilities and corresponding needs either through direct communications with Plaintiff or through written documents such as health service requests, letters, or grievance complaints. (Id. at 6, 11.) Each Defendant violated Plaintiff's rights under the RA and ADA by failing to accommodate and care for his diabetes, pain, mobility, and hearing issues, neglecting safety and maintenance issues, failing to provide assistance or trained orderlies, and allowing him to be exposed to marijuana, tobacco, and "strip"

smoke as well as mold, sludge between the water fountain and ice cooler, and overcrowded conditions. (Id. at 11, 12.) These indifferences to Plaintiff's conditions have forced him to endure unnecessary pain and suffering and prevented him from having equal access to the facilities at JSP. (Id. at 12.) For relief, Plaintiff seeks injunctive and declaratory relief, as well as compensatory and punitive damages.

## II.   DISCUSSION

### A.   Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure

3

does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### B.  Plaintiff Fails to State A Claim Against the Georgia Department of Corrections and Georgia Correctional Health Care

Plaintiff attempts to state a claim against the Georgia Department of Corrections ("GDC") and Georgia Correctional Health Care. However, "[t]he Eleventh Amendment insulates a state from suit brought by individuals in federal court, unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Arms or agencies of the state are also immune from suit. Alabama v. Pugh, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has

consented to the filing of such a suit."); Stevens, 864 F.2d at 115 (Eleventh Amendment bars suit against GDC); Bailey v. Silberman, 226 F. App'x 922, 924 (11th Cir. 2007) ("Neither a State nor its agencies may be sued as a named defendant in federal court absent the State's consent."). Because GDC and Georgia Correctional Health Care have immunity against Plaintiff's § 1983 claims, these Defendants should be dismissed from the case.

### C. The Complaint Fails to Allege Facts Sufficient to State a Discrimination Claim

Title II of the ADA states "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Similarly, § 504 of the Rehabilitation Act of 1973, as amended, provides in pertinent part, "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794.

In order to state a claim for discrimination under the ADA or RA, a plaintiff must allege he or she (1) is a qualified individual with a disability; and (2) was either excluded from participation in, or denied the benefits of, a public entity's services, programs, or activities, because of a disability, or was otherwise discriminated against by the public entity. Bircoll v. Miami-Dade Cty., 480 F.3d 1072, 1083 (11th Cir. 2007). "The standard for determining liability under the RA is the same as that under the ADA." Siskos v. Sec'y., Dep't of Corr., 817 F. App'x 760, 764 (11th Cir. 2020) (citing Ellis v. England, 432 F.3d

5

1321, 1326 (11th Cir. 2005)).

In conclusory fashion, Plaintiff states he is being excluded from programs, activities, and services, but fails to allege any facts demonstrating what programs, activities, and services he is being discriminating against, how he is being discriminated against, and who in particular is responsible for such discrimination. Without the benefit of any detail, Plaintiff's allegations do not support a claim under the ADA or RA. See Siskos, 817 F. App'x at 766 (affirming plaintiff failed to allege facts showing exclusion and discrimination where he stated only he was denied access to prison services because of his mental health); Constantino v. Madden, No. 802CV1527T27TGW, 2003 WL 22025477, at *2 (M.D. Fl. Apr. 1, 2003) (finding plaintiff's claims conclusory where she did not specify which activities were limited by her condition).

To the extent Plaintiff complains he is not receiving adequate medical care, Plaintiff is not entitled to relief under the ADA or RA for those claims. Plaintiff does not allege he receives worse medical care than non-disabled prisoners, nor does he even compare his treatment to treatment received by prisoners with no disabilities. "The Rehabilitation Act, like the ADA, was never intended to apply to decisions involving . . . medical treatment" and "would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005); see also Dipietro v. Barron, No. 4:18-CV-00179-CDL-MSH, 2019 WL 11879042, at *11 (M.D. Ga. Nov. 14, 2019) (finding plaintiff's claims conclusory where he merely stated he was denied dental and mental health care); Hammonds v. DeKalb Cty., No. 4:16-BE-1558-M, 2017 WL 363974, at *5-7 (N.D. Ala. Jan. 25, 2017) (dismissing ADA and RA

claims because prisoner alleged inadequate medical care rather than discrimination in provision of medical care based on disability). Therefore, Plaintiff fails to state a valid claim under the ADA or RA.

### D. The Complaint Fails to Allege Facts Sufficient to State an Eighth Amendment Deliberate Indifference Claim

Plaintiff fails to state a viable Eighth Amendment claim for deliberate indifference to his serious medical needs. To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege: (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010).

To satisfy the objective component, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy the subjective component, Plaintiff must allege a defendant not only had (1) subjective knowledge of a risk of serious harm, but he or she also (2) disregarded that risk, (3) by conduct that is more than mere negligence. See Melton v. Abston, 841 F.3d 1207, 1223 (11th Cir. 2016).

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). Moreover, the Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference. See Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010).

Plaintiff has alleged no facts demonstrating the severity of his medical needs, nor has he alleged sufficient facts explaining how any Defendant, individually or collectively, acted with deliberate indifference to his medical needs. Plaintiff never mentions any Defendant by name in his statement of claim. The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported

constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Plaintiff merely states every named Defendant has wronged him, without the benefit of any detail. Thus, Plaintiff fails state an Eighth Amendment medical deliberate indifference claim.

### E. Plaintiff's Motion to Stay Should Be Denied as Moot

Because the Court recommends dismissal of the complaint, Plaintiff's motion to stay should be denied as moot. (Doc. no. 14.)

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, his motion to stay be **DENIED AS MOOT**, (doc. no. 14), and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 22nd day of July, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA